# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ODETHEA NICHOLS,** § § | **CIVIL ACTION NO.:** | |
| Plaintiff, § § | | |
| v. § § | _____ | |
| **PUBLIX SUPER MARKETS, INC.,** § **ET AL.,** § § | | |
| Defendants. § § § | | |

## NOTICE OF REMOVAL

Defendant, Publix Super Markets, Inc. ("Publix"), hereby gives Notice of the Removal of the above-captioned action, filed in the Circuit Court of Jefferson County, Alabama, as Civil Action No.: CV-2020-903207, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Removal, which is based upon this Court's diversity jurisdiction, Publix states as follows:

1. This action was commenced by Plaintiff with the filing of her Complaint in the Circuit Court of Jefferson County, Alabama, in which she alleged that on or about July 26, 2020, the Defendant, Publix Super Markets, Inc., who operates the Publix grocery store located at 5150 Old Springville Rd., Pinson, Alabama 35126 were negligent in failing to use reasonable care to provide a reasonably safe environment for business invitees at the store. (**Exhibit A**, Plaintiff's Complaint, ¶¶ 6-15). The Plaintiff claims that as a result of Publix's negligence, she suffered injury to her right shoulder, right hip, and right ankle.

(**Exh. A**, ¶ 15). She further claims that she has suffered pain and suffering, was required to undergo extensive physical therapy, and that she may have suffered a permanent injury. (**Exh. A**, ¶ 15).  The Plaintiffs seeks compensatory damages, including damages associated with incurred medical expenses, prescription expenses, and lost wages. (**Exh. A**, ¶ 15).

2. Within her Complaint, however, the Plaintiff did not specify (1) the <u>nature</u> of the injuries to her right shoulder, right hip, and right ankle, (2) the <u>nature</u> of the medical treatment rendered to her for those injuries, or (3) the specific amount she was seeking to recover in damages. (*See* **Exh. A**, generally).

3. Service of the Summons and Complaint was perfected upon Publix's registered agent on September 22, 2020.  (**Exhibit B**, Service of Process Notice).

4. Publix filed its Answer to the Plaintiff's Complaint on October 5, 2020, wherein it denied those allegations and claims asserted by the Plaintiff. (**Exhibit C**, Publix's Answer to Plaintiff's Complaint).

5. As alleged in her Complaint, the Plaintiff is an adult resident of and is domiciled in Jefferson County, Alabama.  (**Exh. A**, ¶ 1).

4. Publix Super Markets, Inc. is a foreign corporation, incorporated in the State of Florida, with its principal place of business located at 330 Publix Corporate Parkway, Lakeland, Florida 33811.  (**Exh. B; Exh. C**, ¶ 2).

5. On or about October 5, 2020, Publix served upon the Plaintiff its First Interrogatories and Requests for Production, wherein it requested that the Plaintiff provide detailed and comprehensive information concerning and documentation of her claimed

injuries, medical treatment, and damages. (**Exhibit D**, Publix's First Interrogatories and Requests for Production to Plaintiff, pp. 8-9, ¶¶ 20-28; pp. 17-18, ¶¶ 15-19, 25).

6. On or about December 11, 2020, the Plaintiff served upon Publix her Responses to Publix's discovery requests. (**Exhibit E**, Plaintiff's Responses to Publix's First Interrogatories and Requests for Production). Within these Responses, she confirmed for the first time that she had suffered a significant injury to her right hip and that her medical providers had recommended that she undergo a surgical procedure – a tenotomy – on her right hip. (**Exh. E**, p. 5, ¶ 6; p. 8, ¶ 20). She further confirmed in her Responses that she suffered a significant injury to her right shoulder, which required rehabilitation to restore her range of motion, and to her right ankle. (**Exh. E**, p. 8, ¶ 20).

7. With respect to her claimed damages, the Plaintiff stated in her Responses that in addition to her claims for medical expenses, pain and suffering, and permanent injury, she was claiming lost wages due to being out-of-work for several days immediately following the incident, after which she was only allowed to return to light duty work. (**Exh. E**, p. 8, ¶ 20; p. 11, ¶ 32). She has remained on light duty at all times since returning to work and does not anticipate returning to full duty until "[her] hip allows [her] to." (**Exh. E**, p. 11, ¶ 32). The move to light duty work resulted in her pay being decreased by $10.00 per hour and in her inability to obtain overtime pay. (**Exh. E**, p. 11, ¶ 32).

7. In Response to Publix's Requests for Production, the Plaintiff also produced medical treatment and billing records associated with treatment she received for injuries she claims related to this incident. (**Exhibit F**, Pertinent Portions of Plaintiff's Medical

Billing Records[1]). Her medical billing records indicate that she has incurred medical expenses totaling $19,974.27 to date, in association with treatment she has received for injuries she claims related to this incident. (**Exh. F**, p. 5). Publix reasonably anticipates that her claimed medical expense figure will increase substantially following the surgical procedure referenced in her Responses to Publix's discovery requests. (**Exh. E**, p. 5, ¶ 6; p. 8, ¶ 20).

9. This Removal is timely filed within thirty (30) days of the date Publix received a copy of "other paper" (i.e., Plaintiff's discovery responses) from which Publix was first able to ascertain that the case was one that had become removable. *See* 28 U.S.C. § 1446(b)(3); § 1446(c)(3)(A)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record … , *or in responses to discovery*, shall be treated as an 'other paper'").

10. The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place wherein such action is pending in State Court: Jefferson County, Alabama. (**Exh. A**).

11. On this date, a Notice of Filing of Notice of Removal, accompanied by a copy of this Notice of Removal, will be filed in the Circuit Court of Jefferson County, Alabama, in accordance with 28 U.S.C. § 1446(d).

---

[1] Exhibit F, which consists of the Plaintiff's medical billing records, has been carefully redacted so as to removed personal identifiers and other sensitive information and to provide the Court with only the information necessary to evaluate the amount in controversy requirement under 28 U.S.C. § 1332(b).

12. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### DIVERSITY JURISDICTION

### Diversity of Citizenship

13. Federal diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332, because the Defendant is diverse from Plaintiff and the amount in controversy exceeds $75,000.00.

14. In the Complaint, Plaintiff identified herself as an individual resident of, and domiciled within, Jefferson County, Alabama. (**Exh. A**, ¶ 1).

15. At all times material hereto, Defendant Publix has been a foreign corporation, incorporated in the State of Florida, with its principal place of business located in Lakeland, Florida. (**Exh. B**; **Exh. C**, ¶ 2).

16. Based upon the foregoing, we have an Alabama resident, domiciled within the State of Alabama, bringing an action against a Florida corporation, whose principal place of business is located in Lakeland, Florida, and there is complete diversity of citizenship between the Plaintiff and the Defendant. 28 U.S.C. § 1332(a)(1).

### Amount in Controversy

17. In the case at bar, the Plaintiff's complaint does not demand a specific amount. (*See* **Exh. A**, generally). Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th

5

Cir. 2001). The Court must look to the notice of removal and any evidence submitted by the parties in order to determine if the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331- 32 (M.D. Ala. 2007).

18.     When the amount in controversy is not facially apparent, the removing defendant has the burden of proving by a "preponderance of the evidence" that the amount of controversy more likely than not exceeds the $75,000.00 jurisdictional threshold.  28 U.S.C § 1446(c)(2)(B); *see also Tapscott*, 77 F.3d at 1357, abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Flowers v. Priority Healthcare Pharm., Inc.*, 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the *Tapscott* standard). Mere conclusory allegations in the notice of removal that the jurisdictional requirement is satisfied, unsupported by the underlying facts, do not discharge the defendant's burden of proof. *Williams*, 269 F.3d at 1319-20; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

19.     In determining whether the defendant seeking removal based on diversity jurisdiction has met its burden to establish the amount in controversy, the court may consider a number of factors, including the plaintiff's injuries, amounts awarded in similar cases, expenses incurred to date, and settlement demands to make a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails. *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D.W. Va. 2011).

20.     Plaintiff has filed this lawsuit, seeking to recover various damages, including hospital and other medical expenses (including past expenses relating to treatment and

future expenses relating to a surgical procedure), physical pain and suffering, loss of income, and permanent injury, all of which were allegedly sustained as a result of the negligence of Defendant Publix and/or its employees. (*See* **Ex. A**, ¶¶ 3-15). The evidence, contained within those materials produced by the Plaintiff in response to Publix's Interrogatories and Requests for Production, establishes that the Plaintiff is claiming a significant injury to her right hip, for which she has undergone MRI and for which a surgical procedure has been recommended, as well as significant injuries to her right shoulder and right ankle. (**Exh. E**, p. 5, ¶ 6; p. 8, ¶ 20; **Exh. F**, p. 5). She is seeking recovery of – amongst other claims for lost wages, permanent injury, and pain and suffering – $19,974.27 in medical expenses she claims to have incurred already, as well as additional medical expenses associated with the surgical procedure that has been recommended. (**Exh. E**, p. 5, ¶ 6; p. 8, ¶ 20; **Exh. F**, p. 5). Publix contends that this evidence firmly establishes that the amount of controversy exceeds the $75,000.00 jurisdictional threshold.

    a. **Nature of Injuries and Claimed Damages**

21.    The Plaintiff, in her Responses to Publix's discovery requests, has identified for Publix the injuries she claims to have suffered as a result of this incident on July 26, 2020, the medical treatment she has received in relation to her injuries, and the extent of the medical expenses associated with that treatment. (**Exh. E; Exh. F**). The Plaintiff confirmed that she has incurred $19,974.27 in medical expenses associated with her treatment from July 26, 2020 to the present. (**Exh. F**, p. 5). She is claiming that she will require a surgical procedure on her right hip as a result of injuries sustained in this incident. (**Exh. E**, p. 5, ¶ 6; p. 8, ¶ 20). She also claims that she has suffered past lost wages

associated with her injuries and that she will continue to suffer lost earnings for the foreseeable future. (**Exh. A**, ¶ 18; **Exh. E**, p. 11, ¶ 32). It is reasonable to assume, given the Plaintiff's allegations, that she will claim additional medical expenses that have been or will be incurred in association with follow-up observation and treatment.

22. In addition to her claims for recovery of medical expenses, the Plaintiff is seeking to recover significant sums for "pain and suffering." (**Exh. A**, ¶ 15). Though there is no set formula for determining these types of non-economic damages, there is potential for significant awards in cases such as this.

23. Taking into account the nature of the Plaintiff's claimed injuries and treatment (including an upcoming surgical procedure), the medical expenses already incurred by her ($19,974.27), the likelihood of her incurring additional medical expenses in relation to future treatment (including surgery), the potential for significant awards associated with her claims for "pain and suffering" and lost wages/future earnings, there is a clear basis in support of Publix's position that it has discharged its burden of proof in relation to the amount in controversy requirement.

25. Based upon the foregoing, there is complete diversity of citizenship and the preponderance of the evidence establishes that the amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(a), § 1446(b)(3); and § 1446(c)(3)(A).

## NOTICE

26. Concurrently with the filing of this Notice of Removal, the removing Defendant shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama; and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ **Travis I. Keith**
Travis I. Keith (ASB-1942-S75K)
Attorney for Defendant,
Publix Super Markets, Inc.

**OF COUNSEL:**
**GAINES GAULT HENDRIX, P.C.**
361 Summit Blvd., Ste. 200
Birmingham, Alabama 35243
(205) 402-4800
tkeith@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail, CM/ECF and/or U.S. Mail, postage prepaid, upon the following counsel of record:

**Roger K. Fuston (FU002)**
**ROGER K. FUSTON, LLC**
**600 Luckie Dr., Ste. 300**
**Birmingham, Alabama 35223**
**(205) 977-9798**
**rfuston@fplaw.com**

This the 8th day of January, 2021.

/s/ Travis I. Keith
OF COUNSEL