Case 2:21-cv-00035-AKK   Document 5   Filed 02/05/21   Page 1 of 6

FILED
2021 Feb-05  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ODETHEA NICHOLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | **2:21-CV-00035-AKK** |
| ) | |
| **PUBLIC SUPERMARKETS, INC.** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **PLAINTIFF ODETHEA NICHOLS' OPPOSED MOTION TO REMAND**

Plaintiff, Odethea Nichols ("Nichols"), respectfully moves this Honorable Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Circuit Court of Jefferson County, Alabama, in which it was originally filed. Remand is appropriate because the subject action was not removed within thirty (30) days of service of the original Complaint and the "other paper" basis for removal is inapplicable to the case. In addition, Defendant Publix Supermarkets, Inc. ("Publix") has not met its burden of proof that the amount in controversy exceeds $75,000.00. In further support of this motion, Nichols respectfully shows unto the Court as follows:

**I.      INTRODUCTION**

On Sunday, July 26, 2020, Nichols was a customer and business invitee of Publix Supermarkets, Inc. ("Publix").  While shopping after church at Publix, Nichols slipped and fell on a slippery substance on the floor in the aisle near the deli counter.  Nichols asserts claims for negligence only against Publix, with no claim for punitive damages.

**II.     ARGUMENT**

    **A.     Remand is proper because more than 30 days has passed since Defendant was served with initial pleadings**

Nichols filed a premises liability Complaint for negligence (only) in the Circuit Court of Jefferson County, Alabama against Publix on September 14, 2020. (Doc. 1-1). On September 22, 2020, Publix was served with the Complaint. (Doc. 1-2).  On October 5, 2020, Publix filed an Answer in the Jefferson County Circuit Court.  (Doc. 1-3).  More than 90 days later, Publix filed a Notice of Removal to Federal Court. (Doc. 1).  Publix asserts they have removed the case now because of receipt of "other paper" from which it was first ascertainable that the case was removable.  The issue before this Honorable Court has previously been addressed by the District Court of the Southern District of Alabama regarding removal and remand based upon "other paper".

In *Holloway v. Morrow*, Civil Action 07-0839-WS-M, 2008 WL 401305 (S.D. Ala. Feb. 11, 2008), a premises liability action was asserted against Wal-Mart in Dallas County, Alabama. (Attached as **Exhibit A**). Unlike the instant case, where only a negligence claim was brought, the Plaintiff in *Holloway* also asserted a wantonness claim and a claim for punitive damages. There is no claim for punitive damages in the subject case. Additionally, in *Holloway*, it was asserted that Plaintiff had sustained "severe and permanent injuries." In the instant case, Nichols only alleges a "possible permanent injury." Nichols has treated conservatively, and subrogable medical bills total $7,049.99. (Attached as **Exhibit B**, subrogation lien letter).

Further, in *Holloway*, the Court correctly noted that "removal statutes must be construed narrowly, with all doubts resolved in favor of remand. Federal Courts are obligated to strictly construe the statutory grant of diversity jurisdiction." In analyzing the "other paper" issue, the Court noted that the other paper must take a case from non-removal to removable. If the other paper did not take the case from non-removable to removable, the removable must have been filed within 30 days of receipt of the initial pleadings by the defendant. Therefore, it appears the issue before this Honorable Court is whether the case is removable, as Publix did not remove within 30 days of receipt of the initial pleadings. Instead, Publix focuses

3

on discovery responses. There is nothing in Nichols' discovery responses to show the case has gone from non-removable to removable.

As in the instant case, the Court in *Holloway* noted that the "more pertinent question, however, is whether the other paper exception has any bearing at all here. If Wal-Mart was on notice of the purportedly removable nature of this action prior to the discovery responses, then the 'other paper' is inapplicable." This is exactly the situation before this Honorable Court. As in *Holloway*, "the fundamental problem facing Walmart (here Publix), is that the discovery responses shed no more light on the removability of this action than the complaint did." In *Holloway*, the Court correctly held that Plaintiff's Motion to Remand was due to be granted and the case remanded to the Dallas County Circuit Court.

Further, in *Holley v. Madison Industries, Inc. of Georgia*, No. 4:12-CV-2243-VEH, 2012 WL 3771909 (N.D. Ala. Aug. 27, 2012) the court noted "because the jurisdiction of Federal Court is limited, the 11th Circuit Court of Appeals favors cases that have been removed where federal jurisdiction is not absolutely clear." (Attached as **Exhibit C**). In the instant case, Nichols, a nurse at UAB Hospital, slipped and fell, injuring herself while shopping at Defendant Publix. The allegations in the original complaint have stayed the same. There has been no "other paper" to change the removability of this case.

Defendant Publix chose not to remove the case when initially served on September 22, 2020. Over the past four months, the parties have exchanged discovery and issued subpoenas. Nichols is currently receiving conservative medical treatment for hip and has $7,049.99 in subrogable medical bills. The Jefferson County Circuit Court set the case for a jury trial on December 6, 2021.

Further, Defendant Publix has not met its burden of proof of demonstrating that the amount in controversy exceeds $75,000.00.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff Nichols respectfully requests that this Court to Remand this action to the Circuit Court of Jefferson County Alabama for defect in removal under 28 U.S.C. § 1447(c) and for lack of subject matter jurisdiction.

Dated:  February 5, 2021                    Respectfully submitted,

*/s/ Roger K. Fuston*
Roger K. Fuston (ASB-4456-u84r)
*Attorney for Plaintiff Odethea Nichols*

**OF COUNSEL**:
The Law Offices of Roger King Fuston
600 Luckie Drive, Suite 300

5

Birmingham, AL  35223
Telephone:  (205) 977-9915
Facsimile:   (205) 977-9799
Email:  roger@rogerkinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by filing the same with CM/ECF, or, if the party served does not participate in electronic filing, by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of February, 2021:

Travis L. Keith, Esq.
Gaines Gault Hendrix, PC
361 Summit Blvd, Suite 200
Birmingham, AL 35243
*Attorney for Defendant*

                                                  */s/ Roger K. Fuston*
                                                  OF COUNSEL